SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
BRADLEY J. LEIMKUHLER, Cal Bar No. 261024
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130
E mail        ghurley@sheppardmullin.com
              bleimkuhler@sheppardmullin.com

Attorneys for Defendant,
CITY OF CONCORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TERESA CHAVEZ-CRONE,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC.; and CITY OF CONCORD,<br><br>Defendants. | Case No. 3:19-cv-06863-WHO<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF**<br><br>Action Filed:   October 22, 2019<br>Trial Date:     None Set |

**BACKGROUND**

1. Plaintiff TERESA CHAVEZ-CRONE filed a Complaint in this action on October 22, 2019, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws and to obtain recovery of damages for alleged discriminatory experiences, denial of access, and denial of civil rights against Defendants CITY OF CONCORD and LIVE NATION ENTERTAINMENT, INC. ("Defendants"), relating to alleged disability discrimination at Defendant's public accommodations as of May 15, 2019. Plaintiff has alleged that Defendants violated Title II and III of the ADA; section 504 of the Rehabilitation Act sections 51, 52, 54, 54.1, 54.3, and 55, sections 4450 of the California Government Code, section 11135 of the California Government Code, and sections 19953 et seq. of the Health and Safety Code by failing to provide full and equal access to the events held at 2000 Kirker Pass Road, Concord, California and otherwise known as The Concord Pavilion (the "Pavilion"). Defendants dispute Plaintiff's claims.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendant (together, the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning all of Plaintiff's claims for relief.

**JURISDICTION**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California state law.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of

Plaintiff's claims against Defendants for injunctive relief, damages, attorneys' fees, and costs that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the remedial work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

6. <u>Work to be Completed</u>: Plaintiff's Complaint alleges that various areas of the Pavilion are inaccessible to wheelchair users. Defendants agree to improve the Pavilion as follows:

(a) Additional designated accessible seating on the 100 level row are to be upgraded so that accessible and companion seats are elevated in a similar way as some of the seating is now. Attached to this Consent Decree as Appendix 1 is a diagram of the additional accessible setting that will be installed pursuant to this Agreement.

(2) Additional permanent signage will be installed at the Pavilion to direct disabled guests to accessible seating areas from the designated accessible parking area.

(3) Repair the path of travel near the designated accessible parking lot pedestrian entrance inside the Pavilion by smoothing and/or filling the large cracks in the pavement.

Defendants agree to use their best efforts to complete the above work by the start of the 2022 concert season. The Parties agree that Defendants will be allowed reasonable extensions of time to complete the work due to unforeseen events, such as permitting issues, the ongoing coronavirus pandemic, weather, natural events, or other circumstances beyond the Parties' control.

7. <u>Training to be Conducted</u>: Prior to the next concert season, Live Nation Entertainment, Inc. agrees to retrain or train relevant employees of the Pavilion, including ushers, security personnel, and onsite managers, about the Pavilion's accessible features and accessible routes and/or location of directional signage, and the reasonable accommodations available to disabled persons.

8. Plaintiff agrees that all other claims for injunctive relief that Plaintiff raised in her Complaint or could have raised in her Complaint against Defendants with regard to the Pavilion

are hereby waived, released and discharged.

9. <u>Meet and Confer Requirement</u>. If Plaintiff contends that Defendants have breached this Settlement Agreement, and/or failed to remediate the physical features at issue in this Settlement Agreement or if Plaintiff contends that the Pavilion violates the ADA or any California disability standard or regulation, then they must provide written notice to:

(1) Gregory F. Hurley, 650 Town Center Drive, 10th Floor, Costa Mesa, CA 92646; and

(2) the registered corporate agent of Live Nation Entertainment, Inc. for service of process in the state of California.

Upon receipt of the letter, the Parties shall meet and confer in good faith to reach resolution. If no resolution is reached within 90 days, then Plaintiff may take appropriate action to enforce this Agreement.

**DAMAGES, ATTORNEYS' FEES AND COSTS**

10. Plaintiff has alleged an entitlement to statutory damages, attorneys' fees and costs in her Complaint. The Parties, by separate agreement, have resolved Plaintiff's claims for statutory damages, attorneys' fees and costs. The Parties agree that Plaintiff's claims for statutory damages, attorneys' fees and costs shall be dismissed with prejudice.

**RETENTION OF JURISDICTION**

11. Subject to the Court's approval, this Consent Decree and Order constitutes the entire agreement between the signing Parties on the matters of injunctive relief and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief. The Court will retain jurisdiction to enforce this decree.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

12. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the

existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

13. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect for the shorter of (1) when the fixes are complete, or (2) 18 months after the date of the Order, whichever comes first.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**

**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | | |
|---|---|---|
| 1 | DATED: 3/03/2021 | *Teresa Cv-C* <br> Plaintiff Teresa Chavez-Crone |
| 2 | | |
| 3 | | *Kim Tobias* |
| 4 | DATED: 3/8/21 | Kim Tobias _____ on behalf of <br> Defendant Live Nation Entertainment, Inc. |
| 5 | | |
| 6 | | DocuSigned by: <br> *Valerie Barone* |
| 7 | DATED: 3/8/2021 | 9EB0567B037141D... <br> Valerie Barone _____ on behalf of |
| 8 | | Defendant City of Concord |

Dated: February 22, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
GREGORY F. HURLEY

Attorneys for Defendants,
CITY OF CONCORD
LIVE NATION ENTERTAINMENT, INC.

Dated: ~~February 22,~~ 2021
March 3,

REIN & CLEFTON

By _____
AARON CLEFTON

Attorneys for Plaintiff,
TERESA CHAVEZ-CRONE

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

DATED: __March 22____, 20_21_

_____
HON. WILLIAM H. ORRICK
United States District Judge